IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

            v.                                   06-CR-085-S-01

ALAN ROY SCOTT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the revocation of Alan Roy Scott's supervised release was held in this case on February 27, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David Reinhard. Defendant was present in person and by counsel, Erika Bierma. Also present was United States Senior Probation Officer Helen Raatz. From the record and defendant's stipulation, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on September 13, 2006, following his conviction for fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(7). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of ten months with a three-year term of supervised release to follow.

Defendant began his term of supervised release on March 9, 2007, in the District of Minnesota.

Defendant has stipulated that he violated standard condition no. 2, directing him to report to the probation officer as directed.  On July 19, 2007, defendant was ordered to report to his probation officer on July 23, 2007, but failed to do so.  His whereabouts were unknown until his arrest on February 5, 2008.

Defendant also stipulates that he violated special condition no. 7 directing him to submit to drug testing.  On March 26, May 5, and July 31, 2007, defendant failed to report for urinalyses as directed.

Defendant has stipulated that he violated special condition no. 4 directing him to participate in outpatient substance abuse treatment.  Defendant was directed to attend an intake/assessment at a contracted drug treatment provider on July 23, 2007, but failed to attend as directed.

Defendant's conduct falls into the category of Grade C violations.  Upon finding a Grade C violation, §7B1.3(a)(2) of the sentencing guidelines policy statement for violations of supervised release gives the judge the options of revoking supervised release, extending the term of supervised release or modifying the conditions of release,

CONCLUSIONS

Defendant's violations warrant revocation.  Accordingly, the three-year term of supervised release imposed on him on September 13, 2006, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has a guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if supervision is revoked.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to reflect the seriousness of defendant's supervision violations and to hold him accountable for those violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 13, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months and one day. A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

> Defendant is to reside at a federally approved residential reentry center for a period of up to 180 days. Defendant may be absent from the center for employment purposes and for passes consistent with program rules. Defendant is to pay 25 percent of his gross pay as subsistence as well as pay all his own medical expenses. Early discharge from the facility is contingent upon the approval of both the facility administrator and the supervising U.S.

probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 27th day of February 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>Chief District Judge